UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DANIEL J. CESCATO, et al.,** | ) | **CASE NO. 1:05 CV 2004** |
| | ) | |
| Plaintiffs, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **ANTHEM, INC. n/k/a** | ) | |
| **WELLPOINT, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Motion to Transfer Venue to the United States District Court for the Southern District of Indiana ("Motion") filed by Defendants Anthem, Inc. n/k/a Wellpoint, Inc. ("Wellpoint") and Anthem Insurance Companies, Inc. ("Anthem Insurance"). **(ECF No. 7).** For the following reasons, the Motion is **GRANTED**.

**I.**

Defendants Wellpoint and Anthem Insurance are Indiana corporations with their principal places of business in Indianapolis, Indiana. *Am. Compl.* ¶¶ 9-10. Plaintiffs allege that

Defendant Goldman Sachs & Company ("Goldman Sachs") is a Delaware corporation with its principal place of business in New York, New York. *Id*. ¶ 15.

In November 2001, Defendant Anthem Insurance converted from a mutual insurance company into a stock insurance company with all of its shares held by a newly-created holding company, Anthem, Inc., now known as Wellpoint, Inc. *ECF No. 18,* ("Am. Compl.") ¶ 16; *ECF No. 5,* ("Mem. Supp. Mot. Transfer Venue"), at 1. The terms of the corporate reorganization (hereinafter, "Demutualization") are set forth in the Plan of Conversion ("Plan"). *ECF No. 1, Exh. A.* As a result of the Demutualization, the membership interests of Anthem Insurance members were extinguished. *Am. Compl.* ¶ 17. In exchange, the Plan provided that eligible members would receive the fair value of Anthem Insurance in the form of cash or shares of common stock of Wellpoint. *Id.*; *Plan*, at 1. The Plan authorized Wellpoint to sell shares of common stock at an initial public offering ("IPO"), the proceeds of which could be used to compensate those members who received cash in exchange for their membership interests. *Mem. Supp. Mot. Transfer Venue*, at 1; *Plan,* at 5.

On August 16, 2005, Daniel J. Cescato and Kevin T. Heekin ("Plaintiffs"), two Anthem Insurance members who received cash payments in connection with the Demutualization, filed a Class Action Complaint[1] against Wellpoint, Anthem Insurance and Goldman Sachs, the financial advisor for the Demutualization and the lead underwriter for the IPO. *ECF No. 1*; *Am. Compl.* ¶ 26; *Mem. Supp. Mot. Transfer Venue,* at 4. Plaintiffs claim that the IPO share price significantly undervalued their membership interests in the former mutual insurance company. *Am. Compl.* ¶¶ 1, 119. Plaintiffs further claim they received erroneous tax

---

[1]The class has not yet been certified.

advice from Wellpoint and Anthem Insurance in connection with those cash proceeds which caused them to overpay their federal and state income taxes. *Id.* ¶ 1.

Defendants Wellpoint and Anthem Insurance filed a motion to transfer venue to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1404.[2] *ECF No. 7.* In the alternative, Defendant Wellpoint requests that the Court dismiss the case for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(3), or transfer the case to a district where venue is proper, *see* 28 U.S.C. § 1406(a). *ECF No. 8.* Plaintiffs filed an opposition to both motions,[3] *ECF Nos. 22, 23,* and Defendants Wellpoint and Anthem Insurance filed a reply brief, *ECF No. 29.*

**II.**

Even where venue is proper, a district court may exercise its broad discretion to transfer a civil action to a more convenient forum pursuant to 28 U.S.C. § 1404(a).[4] *Phelps v. McClellan,* 30 F.3d 658, 663 (6th Cir. 1994); *North Am. Demolition Co. v. FMC Corp.,* No. 5:05CV0104, 2005 WL 1126747, at *1 (N.D. Ohio Apr. 28, 2005). In deciding a motion to transfer venue, a Court must balance several case-specific factors, including both the private interests of the parties as well as public interest concerns. *Stewart Organization, Inc., v. Ricoh*

---

[2]Wellpoint and Anthem Insurance declare that Goldman Sachs does not oppose the motion to transfer. *Mem. Supp. Mot. Transfer Venue,* at 9 n.5.

[3]After the motion to transfer venue was filed, Plaintiffs filed an Amended Complaint. *ECF No. 18.* The claims asserted in the Amended Complaint do not alter the Court's ruling.

[4]Title 28 U.S.C. § 1404(a) provides as follows:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

-3-

*Corp.,* 487 U.S. 22, 29 (1988); *North Am. Demolition Co.,* at *2.  The party requesting transfer bears the burden of showing that the factors weigh <u>strongly</u> in favor of transfer.  *Id.* at * 1.

> The private interests of the parties include:  (1) the convenience to the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.  Public interest factors include:  (i) the enforceability of the judgment; (ii) practical considerations affecting trial management; (iii) docket congestion; (iv) the local interest in deciding local controversies at home; (v) the public policies of the fora; and (vi) the familiarity of the trial judge with the applicable state law.  In short, the Court may consider any factor that may make any eventual trial easy, expeditious, and inexpensive.

*Id*. at *2 (citations omitted).

There is no question that this case "[could] have been brought" in the Southern District of Indiana.  *See* 28 U.S.C. § 1391(a).  There is complete diversity of citizenship, and a substantial part of the events giving rise to Plaintiffs' claims occurred in the Southern District of Indiana.  *See ECF No. 5, Exh. 1, Declaration of Nancy L. Purcell,* ("Purcell Decl."), ¶¶ 4, 6; *ECF No. 29,* ("Reply"), at 7.

Ordinarily, a plaintiff's choice of forum deserves substantial deference.  *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 242 (1981).  However, when the chosen forum is not the plaintiff's residence, this choice is given less consideration.  *Travelers Casualty and Surety Co. v. Philadelphia Reinsurance Corp.* ("Travelers Casualty"), No. 301CV7058, 2001 WL 631328, at *4 (N.D. Ohio May 10, 2001).  *See also Central States, Southeast & Southwest Areas Health & Welfare Fund v. Guarantee Trust Life Ins. Co.* ("Central States"),  8 F. Supp. 2d 1008, 1011

(N.D. Ohio 1998) (giving Plaintiffs' choice of forum the same weight as the other factors in the transfer analysis because Plaintiffs did not reside in the chosen forum and the operative events did not take place in the chosen forum). In the instant case, neither Plaintiff resides in the Northern District of Ohio. *Am. Compl.* ¶¶ 7-8. In fact, the federal courthouse in Indianapolis is substantially closer to Plaintiffs' residences than this courthouse. *Motion,* at 13; *ECF No. 5, Exh. 2,* at 2, 13. Although Plaintiffs argue that more members of the purported class reside in this district than in any other district, *ECF No. 23,* ("Response"), at 4, no class has yet been certified. Wellpoint and Anthem Insurance correctly point out that Plaintiffs are essentially asking the court to pre-certify a class for purposes of ruling on the instant motion. *Reply,* at 8.

In *North American Demolition Co.*, Judge Economus stated that "[a] fundamental principle guiding the Court's analysis of a motion to transfer is that litigation should proceed in that place where the case finds its center of gravity." *Id*. at *3 (citation and internal quotation marks omitted). Furthermore, this district has indicated a preference for "resolving controversies in their locale." *Central States,* 8 F. Supp. 2d at 1011 (citation omitted) (finding that Illinois had all the significant contacts to the litigation, all the parties, witnesses and documents were located there, and Illinois was "closer to the action"). *See also Rothberg v. Gen. Motors Corp.,* No. 1:93cv2180, 1994 WL 121634, at *2 (N.D. Ohio Jan. 13, 1994) (transferring case to California given that none of the plaintiffs resided within Ohio, most of the witnesses and documents were in California, the defendants resided in California, and California law governed many of the claims). By Plaintiffs' own admission, the conduct underlying the undervaluation claims was committed in Indiana. *ECF No. 22,* at 7. Furthermore, Anthem Insurance, from its Indianapolis headquarters, was responsible for the creation of the Membership Information Statements that form the basis of Plaintiff's tax

misinformation claims, and directed the mailing of those statements to its members. *Purcell Decl.* ¶ 6; *Am. Compl.* ¶¶ 79-80; *Reply*, at 4.

Most of the party and non-party witnesses with knowledge of the Demutualization reside in the Southern District of Indiana. *Reply,* at 1, 7; *Purcell Decl.* ¶ 10. Although Plaintiffs contend that they are not challenging the Demutualization (and therefore the testimony of non-party witnesses who could speak about the approval process for the Demutualization would be immaterial), *Response,* at 8, this argument is disingenuous. The undervaluation claim alleges that Wellpoint and Anthem Insurance failed to provide Plaintiffs with cash compensation equivalent to the fair value of Anthem Insurance. *Am. Compl.* ¶ 99. The parties disagree as to whether the Plan of Conversion adequately described how the fair value of Anthem Insurance would be determined. *Compare id*. ¶ 96, *with Motion,* at 1. Accordingly, the Plan of Conversion (and therefore, the Demutualization) is inextricably involved in this dispute.

Plaintiffs urge this Court to deny the motion to transfer because Defendants have neither identified any witnesses nor specified the substance of their anticipated testimony so that the Court may determine the significance of this testimony. *Response,* at 6-7, 9. A similar argument was rejected in this district. In *Travelers Casualty*, Judge Carr noted that under Sixth Circuit precedent, "a moving party is not required to specifically provide the names of witnesses to be used in an action to establish inconvenience. Instead, the party must 'provid[e] enough information to enable the trial court to balance the parties' interests.'" *Id*. at *4 (citing *Dowling v. Richardson-Merrell, Inc.,* 727 F.2d 608, 615 (6th Cir. 1984)). Judge Carr held that the defendant in *Travelers Casualty* met this burden by showing that the location of the parties, documents and witnesses favored transferring the case. *Id*. Here, the Court finds that Defendants Wellpoint and Anthem

Insurance have sufficiently shown that a transfer to the Southern District of Indiana would be in the interest of justice. Furthermore, Plaintiffs do not specify what witnesses, if any, reside in this district. Plaintiffs make only the general allegation that "the key witnesses are divided between the two districts and in other districts, including most importantly the Southern District of New York." *Response,* at 7.

Since jurisdiction in this district is based on diversity, another factor the Court must consider is whether this case would more appropriately be litigated in a forum familiar with the applicable state law. *Rustal Trading US, Inc. v. Makki,* No. 00-1513, 17 Fed.Appx. 331, 336 (6th Cir. Aug. 21, 2001); *Rothberg,* at *2 ("Where resolution of a diversity case requires application of state law, there is a legitimate interest in allowing the court that is most familiar with the applicable law to resolve the dispute."). The Amended Complaint clearly alleges violations of Indiana law and challenges the terms of the Plan of Conversion, which is governed by Indiana law. *See Am. Compl.* ¶¶ 46, 96, 98, 105, 111, 128; *Plan,* at 18. The State of Indiana, which is more conversant with the applicable law, is a more appropriate forum for litigating the instant case.

Importantly, Plaintiffs state that they "knew they could not file this action in the Southern District of Indiana" because five of their claims would have been time-barred by the application of the Indiana statute of limitations. *Response,* at 1. It is inappropriate for Plaintiffs to attempt to make an end run around an Indiana statute of limitations by bringing a case in another state. *See Packer v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.,* 728 F. Supp. 8, 12 (D.D.C. 1989) ("To bar transfer of a case to a district where venue and jurisdiction are proper, simply because the action is time-barred in that district, would merely encourage forum shopping.

. . . Section 1404(a) was 'intended in part to avoid forum shopping by plaintiffs[ ]'") (citation omitted).

In sum, this case is fundamentally a challenge to the decision of an Indiana regulatory authority, which reviewed and approved Anthem Insurance's Demutualization in 2001.  When and how such a decision may be challenged is a matter of Indiana law.

### III.

For the foregoing reasons, the Motion to Transfer Venue **(ECF No. 7)** is **GRANTED.**  Wellpoint's alternative motion to dismiss **(ECF No. 8)** is **DENIED AS MOOT.**  Accordingly, the Court hereby directs the Clerk of Court to transfer the instant case to the United States District Court for the Southern District of Indiana.

**IT IS SO ORDERED.**

*/s/   Dan Aaron Polster   12/21/2005*
**Dan Aaron Polster**
**United States District Judge**